UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
ALEJANDRO VARGAS DE LA GARZA, JUAN GUZMAN,
GILBERTO CORSINO ROSARIO, EDWIN ZEPEDA, JOSE
SAUL OVANDO ZEPEDA, JOSE HERNANDEZ
MARTINEZ, JHON NICOLAS GONZALEZ PASTRANA and
WILMER ROLANDO SUAZO SABIO, individually and on
behalf of all others similarly situated,

        Plaintiffs,

  -against-

ONE CONCRETE LLC, YISROEL LUBART, SIGAL
LUBART and THOMAS GALLO, as individuals,

        Defendants.
---------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs, **ALEJANDRO VARGAS DE LA GARZA, JUAN GUZMAN, GILBERTO CORSINO ROSARIO, EDWIN ZEPEDA, JOSE SAUL OVANDO ZEPEDA, JOSE HERNANDEZ MARTINEZ, JHON NICOLAS GONZALEZ PASTRANA and WILMER ROLANDO SUAZO SABIO**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **ONE CONCRETE LLC, YISROEL LUBART, SIGAL LUBART and THOMAS GALLO, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 928 E 27th St., Brooklyn, NY 11210.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding

1

$100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ALEJANDRO VARGAS DE LA GARZA residing at Elmhurst, NY 11373 was employed by ONE CONCRETE LLC in or around June 2022.

8. Plaintiff JUAN GUZMAN residing at Jamaica, NY 11435 was employed by ONE CONCRETE LLC, from in or around February 2022 in or around June 2022.

9. Plaintiff GILBERTO CORSINO ROSARIO residing at Flushing, NY 11369 was employed by ONE CONCRETE LLC in or around May 2022 until in or around June 2022.

10. Plaintiff EDWIN ZEPEDA residing at Bronx, NY 10468 was employed by ONE CONCRETE LLC in or around May 2022.

11. Plaintiff JOSE SAUL OVANDO ZEPEDA residing at Bronx, NY 10452 was employed by ONE CONCRETE LLC in or around May 2022.

12. Plaintiff JOSE HERNANDEZ MARTINEZ residing at Queens, NY 11369 was employed by ONE CONCRETE LLC in or around May 2022.

13. Plaintiff JHON NICOLAS GONZALEZ PASTRANA residing at Flushing, NY 11354 was employed by ONE CONCRETE LLC in or around June 2022.

14. Plaintiff WILMER ROLANDO SUAZO SABIO residing at Bronx, NY 10458 was employed by ONE CONCRETE LLC in or around May 2022 until in or around June 2022.

15. At all relevant times hereto, Plaintiffs worked for the Defendants at the "Job Site" located at 672 Union Avenue, Bronx, NY 10455.

16. Upon information and belief, Defendant ONE CONCRETE LLC, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 928 E 27th St., Brooklyn, NY 11210.

17. At all relevant times hereto, Defendant ONE CONCRETE LLC acted as one of the contractors at the job site.

18. Upon information and belief, Defendants YISROEL LUBART, known to Plaintiffs as "Izzy" and SIGAL LUBART are the owners of ONE CONCRETE LLC.

19. Upon information and belief, Defendants YISROEL LUBART and SIGAL LUBART are agents of ONE CONCRETE LLC.

20. Upon information and belief, Defendants YISROEL LUBART and SIGAL LUBART are responsible for overseeing the daily operations of ONE CONCRETE LLC.

21. Upon information and belief, YISROEL LUBART and SIGAL LUBART have power and authority over all the final personnel decisions of ONE CONCRETE LLC.

22. Upon information and belief, YISROEL LUBART and SIGAL LUBART have the power and authority over all final payroll decisions of ONE CONCRETE LLC, including the Plaintiffs.

23. Upon information and belief, YISROEL LUBART and SIGAL LUBART have the exclusive final power to hire the employees of ONE CONCRETE LLC, including the Plaintiffs.

24. Upon information and belief, YISROEL LUBART and SIGAL LUBART have exclusive final power over the firing and terminating of the employees of ONE CONCRETE LLC, including Plaintiffs.

25. Upon information and belief, YISROEL LUBART and SIGAL LUBART are responsible for determining, establishing, and paying the wages of all employees of ONE CONCRETE LLC, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.

26. Accordingly, at all relevant times hereto, Defendants YISROEL LUBART and SIGAL LUBART were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
27. Upon information and belief, Defendant THOMAS GALLO known to Plaintiffs as "Tommy" is the Supervisor of ONE CONCRETE LLC.
28. Upon information and belief, Defendant THOMAS GALLO is responsible for overseeing the daily operations of ONE CONCRETE LLC.
29. Upon information and belief, THOMAS GALLO has power and authority over all the final personnel decisions of ONE CONCRETE LLC.
30. Upon information and belief, THOMAS GALLO has the power and authority over all final payroll decisions of ONE CONCRETE LLC, including the Plaintiffs.
31. Upon information and belief, THOMAS GALLO has the exclusive final power to hire the employees of ONE CONCRETE LLC, including the Plaintiffs.
32. Upon information and belief, THOMAS GALLO has exclusive final power over the firing and terminating of the employees of ONE CONCRETE LLC, including Plaintiffs.
33. Upon information and belief, THOMAS GALLO is responsible for determining, establishing, and paying the wages of all employees of ONE CONCRETE LLC, including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
34. Accordingly, at all relevant times hereto, Defendant THOMAS GALLO was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.
35. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that ONE CONCRETE LLC, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## ALEJANDRO VARGAS DE LA GARZA

36. Plaintiff ALEJANDRO VARGAS DE LA GARZA was employed by ONE CONCRETE LLC, as a carpenter while performing related miscellaneous duties for the Defendants in or around June 2022.

37. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

38. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around June 2022.

39. Plaintiff ALEJANDRO VARGAS DE LA GARZA was paid by Defendants a flat hourly rate of approximately $30.00 per hour without regard for the number of hours worked for his first week of work.

40. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

41. Furthermore, Plaintiff was only paid once during his entire employment and was not compensated at all for his last three (3) weeks of employment by the Defendants.

## JUAN GUZMAN

42. Plaintiff JUAN GUZMAN was employed by ONE CONCRETE LLC, as a carpenter while performing related miscellaneous duties for the Defendants, from in or around February 2022 until in or around June 2022.

43. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

44. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around February 2022 until in or around June 2022.

45. Plaintiff JUAN GUZMAN was paid by Defendants a flat hourly rate of approximately $30.00 per hour without regard for the number of hours worked when Defendants actually compensated Plaintiff.

46. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around February 2022 until in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

47. Furthermore, Plaintiff was not compensated at all for his last approximately eighteen (18) weeks of employment by the Defendants.

## **GILBERTO CORSINO ROSARIO**

48. Plaintiff GILBERTO CORSINO ROSARIO was employed by ONE CONCRETE LLC, as an operator and excavator while performing related miscellaneous duties for the Defendants, from in or around May 2022 until in or around June 2022.

49. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

50. Plaintiff was regularly required to work approximately fifty (50) hours or more hours each week from in or around May 2022 until in or around June 2022.

51. Plaintiff GILBERTO CORSINO ROSARIO was paid by Defendants a flat hourly rate of approximately $40.00 per hour without regard for the number of hours worked from in or around May 2022 until in or around June 2022.

52. Although Plaintiff regularly worked approximately fifty (50) hours or more hours each week from in or around May 2022 until in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Furthermore, Plaintiff was not compensated at all for his last eight (8) days of employment by the Defendants.

### **EDWIN ZEPEDA**

54. Plaintiff EDWIN ZEPEDA was employed by ONE CONCRETE LLC, as a rivet worker while performing related miscellaneous duties for the Defendants in or around May 2022.

55. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

56. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022.

57. Plaintiff EDWIN ZEPEDA was paid by Defendants a flat hourly rate of approximately $32.00 per hour without regard for the number of hours worked from in or around May 2022.

58. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

59. Furthermore, Plaintiff was not compensated at all for his last eight (8) days of employment by the Defendants.

### **JOSE SAUL OVANDO ZEPEDA**

60. Plaintiff JOSE SAUL OVANDO ZEPEDA was employed by ONE CONCRETE LLC, as a rivet worker while performing related miscellaneous duties for the Defendants in or around May 2022.

61. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

62. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022.

63. Plaintiff JOSE SAUL OVANDO ZEPEDA was paid by Defendants a flat hourly rate of approximately $35.00 per hour without regard for the number of hours worked for his first week of work.

64. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

65. Furthermore, Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

## JOSE HERNANDEZ MARTINEZ

66. Plaintiff JOSE HERNANDEZ MARTINEZ was employed by ONE CONCRETE LLC, as a carpenter while performing related miscellaneous duties for the Defendants in or around May 2022.

67. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

68. Plaintiff was regularly required to work approximately fifty-seven-and-a-half (57.5) hours or more hours each week from in or around May 2022.

69. Plaintiff JOSE HERNANDEZ MARTINEZ was paid by Defendants a flat hourly rate of approximately $35.00 per hour without regard for the number of hours worked for his first week of work.

70. Although Plaintiff regularly worked approximately fifty-seven-and-a-half (57.5) hours or more hours each week from in or around May 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Furthermore, Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

## JHON NICOLAS GONZALEZ PASTRANA

72. Plaintiff JHON NICOLAS GONZALEZ PASTRANA was employed by ONE CONCRETE LLC, as a carpenter and helper while performing related miscellaneous duties for the Defendants in or around June 2022.

73. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

74. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around June 2022.

75. Plaintiff JHON NICOLAS GONZALEZ PASTRANA was paid by Defendants a flat hourly rate of approximately $25.00 per hour without regard for the number of hours worked from in or around June 2022.

76. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

77. Furthermore, Plaintiff was not compensated at all for his last six (6) days of employment by the Defendants.

## WILMER ROLANDO SUAZO SABIO

78. Plaintiff WILMER ROLANDO SUAZO SABIO was employed by ONE CONCRETE LLC, as a carpenter while performing related miscellaneous duties for the Defendants, from in or around May 2022 until in or around June 2022.

79. Plaintiff regularly worked approximately five (5) days per week during his employment with the Defendants.

80. Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022 until in or around June 2022.

81. Plaintiff WILMER ROLANDO SUAZO SABIO was paid by Defendants a flat hourly rate of approximately $35.00 per hour without regard for the number of hours worked from in or around May 2022 until in or around June 2022.

82. Although Plaintiff regularly worked approximately fifty-two-and-a-half (52.5) hours or more hours each week from in or around May 2022 until in or around June 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours

regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

83. Furthermore, Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

84. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

85. Upon information and Defendants, failed to provide Plaintiffs with wage statements compliant with NYLL each time they compensated Plaintiffs.

86. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

87. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

88. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

89. Collective Class: All persons who are or have been employed by the Defendants as carpenters, operators, excavators, rivet workers, helpers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

90. Upon information and belief, Defendants employed approximately 25 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
91. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
92. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
93. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
94. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
95. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
96. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
97. The claims of Plaintiff are typical of the claims of the whole putative class.
98. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
99. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

101. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

102. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

103. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

105. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

106. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

107. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

108. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

109. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

110. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

111. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

112. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

113. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

114. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

115. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

116. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

117. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

118. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

119. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

120. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

121. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

123. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   September 9, 2022
             Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEJANDRO VARGAS DE LA GARZA, JUAN GUZMAN, GILBERTO CORSINO ROSARIO, EDWIN ZEPEDA, JOSE SAUL OVANDO ZEPEDA, JOSE HERNANDEZ MARTINEZ, JHON NICOLAS GONZALEZ PASTRANA and WILMER ROLANDO SUAZO SABIO, individually and on behalf of all others similarly situated,

       Plaintiffs,

 -against-

ONE CONCRETE LLC, YISROEL LUBART, SIGAL LUBART and THOMAS GALLO, as individuals,

       Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:
**Service via Secretary of State:**
**ONE CONCRETE LLC (DOS# 6214179)**
1056 Franklin Ave., Valley Stream, NY 11580

**Via Personal Service:**
**ONE CONCRETE LLC**
928 E 27th St., Brooklyn, NY 11210

**YISROEL LUBART**
928 E 27th St., Brooklyn, NY 11210

**SIGAL LUBART**
928 E 27th St., Brooklyn, NY 11210

**THOMAS GALLO**
928 E 27th St., Brooklyn, NY 11210